16 F.3d 418
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Julio ESCOBAR, Defendant-Appellant.
 No. 93-6209.
 United States Court of Appeals, Tenth Circuit.
 Feb. 7, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, MCKAY, and BALDOCK, Circuit Judges.
 
 SEYMOUR
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Julio Escobar appeals from the district court's refusal to grant him a downward departure from his recommended guideline sentence. He also contends the district court erred by giving him a two-level enhancement for obstruction of justice, and by only giving him a two-level reduction for acceptance of responsibility. We AFFIRM the district court's order with respect to the adjustments and DISMISS the appeal for lack of jurisdiction with respect to the district court's refusal to grant a downward departure.
 
 I.
 
 3
 Mr. Escobar was named in ten counts of a twenty-eight count superseding indictment charging him and three codefendants with various narcotics and narcotics-related offenses. Mr. Escobar pled guilty to nine counts. The initial Presentence Report recommended a guideline range of 151 to 188 months imprisonment. Mr. Escobar failed to appear at the sentencing hearing on December 8, 1988, because he absconded from pre-trial supervision on November 7, 1988. A warrant was issued for his arrest.
 
 
 4
 Mr. Escobar, who had fled to Columbia, voluntarily returned to the United States and turned himself in to the Federal Bureau of Investigation in Florida on February 11, 1993. He was returned to Oklahoma and a Second Addendum to the initial Presentence Report was prepared. Because Mr. Escobar fled the country, the Second Addendum recommended a two-level enhancement for obstruction of justice pursuant to USSG 3C1.1, comment, n. 3(e), as well as a negation of the previous two-level reduction for acceptance of responsibility. The district court held a sentencing hearing where Mr. Escobar objected to the changes made in the Second Addendum and requested a downward departure based on disparate sentences. The district court issued written findings and an order (1) maintaining the two-level enhancement for obstruction of justice, (2) granting a two-level reduction for acceptance of responsibility, and (3) refusing to grant a downward departure based on disparate sentences. Mr. Escobar's total offense level of thirty-six coupled with a criminal history category of I resulted in a guideline range of 188 to 235 months imprisonment. The court sentenced Mr. Escobar to 188 months imprisonment. Mr. Escobar appeals the district court's order.
 
 II.
 
 5
 Mr. Escobar's attorney filed an Anders brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), arguing that the district court's failure to grant Mr. Escobar a downward departure based on disparate sentences is in violation of the law and an incorrect application of the sentencing guidelines.[2] In addition, Mr. Escobar filed a pro se brief objecting to the district court's refusal to grant him a three-level reduction for acceptance of responsibility and to the imposition of a two-level enhancement for obstruction of justice.[3] Under prevailing law, none of these arguments can succeed. We address Mr. Escobar's pro se claims first.
 
 
 6
 The district court granted Mr. Escobar a two-level decrease for acceptance of responsibility pursuant to USSG 3E1.1, but specifically found that Mr. Escobar had not taken actions indicating acceptance of responsibility "to the level required by the guidelines to warrant the three-level reduction." Rec., vol. I, doc. 147 at 7. A denial of an acceptance of responsibility reduction by the district court is a question of fact which we review for clear error. United States v. Chimal, 976 F.2d 608, 613 (10th Cir.1992). It is undisputed that Mr. Escobar fled the United States in 1988 and did not return to face his sentence until 1993. The guidelines make clear that a defendant's timeliness in accepting responsibility is an important factor for consideration, and that a defendant who receives an enhancement for obstruction of justice will ordinarily not receive a decrease for acceptance of responsibility. See USSG 3E1.1, comment, n. 1, 4, 6. Under these circumstances, we hold that the district court's denial of three-level reduction for acceptance of responsibility was not clearly erroneous.
 
 
 7
 Mr. Escobar also contends that he should not have received a two-level enhancement for obstruction of justice pursuant to USSG 3C1.1. We review for clear error the district court's enhancement for obstruction of justice. United States v. Powell, 973 F.2d 885, 892 (10th Cir.1992). Mr. Escobar absconded from pre-trial supervision in 1988 and remained at large until 1993. The guidelines explicitly list escaping from custody before sentencing and willfully failing to appear for a judicial proceeding as examples of conduct to which this enhancement applies. USSG 3C1.1, comment, n. 3(e). The district court did not err in imposing a two-level enhancement under this provision.
 
 
 8
 Finally, Mr. Escobar's attorney argues in his Anders brief that the district court erred in failing to grant Mr. Escobar a downward departure because of the disparity between Mr. Escobar's sentence and that of his co-defendants.[4] The district court specifically noted that
 
 
 9
 the amount of cooperation and the variance in the roles and culpability of the other codefendants was the basis of their lower sentences, and that to grant [Mr. Escobar's] request would create a sentence disparity for other individuals in similar sentencing. Further, the Court finds that no reason for a downward departure exists.
 
 
 10
 Rec., vol. I, doc. 147 at 7. The court then exercised its discretion and imposed a sentence within the applicable guideline range. Accordingly, we have no jurisdiction to review this discretionary decision. United States v. Barrera-Barron, 996 F.2d 244, 245 (10th Cir.1993).
 
 
 11
 We AFFIRM the district court's decision regarding the adjustments to Mr. Escobar's sentence level and DISMISS the appeal with respect to the court's discretionary refusal to grant a downward departure.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 After reviewing the record and researching the applicable law as required by Anders, 386 U.S. at 744, we discern nothing that arguably supports Mr. Escobar's appeal
 
 
 [3]
 Mr. Escobar raises a plethora of other issues in his pro se brief. However, even construing his claims liberally, Ruark v. Solano, 928 F.2d 947, 949 (10th Cir.1991), we are not persuaded by his other claims
 
 
 [4]
 Mr. Escobar's three codefendants' all received actual sentences of forty-one months compared to Mr. Escobar's 188-month sentence. Aplt. Br. at 5