**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jesus Enrique BARRERA–BARRON,
Defendant–Appellant.**

No. 92–2243.

United States Court of Appeals,
Tenth Circuit.

June 21, 1993.

Don J. Svet, U.S. Atty., and Charles L. Barth, Asst. U.S. Atty., Las Cruces, NM, for plaintiff/appellee.

Tova Indritz, Federal Public Defender, and Barbara A. Mandel, Asst. Federal Public Defender, Las Cruces, NM, for defendant/appellant.

Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.

EBEL, Circuit Judge.*

Jesus Enrique Barrera–Barron ["Barrera"], the defendant-appellant, appeals from the district court's refusal to grant him a downward departure under the United States Sentencing Guidelines. Because the district court's decision to deny the downward departure was a discretionary decision, we lack jurisdiction to review it and therefore dismiss the appeal.

Border Patrol agents arrested Barrera and his co-defendant, Luis Fernando Aguirre–Aguilar ["Aguirre"], at a border checkpoint after finding marijuana in a tractor trailer that Barrera was driving. Aguirre was a passenger in the truck. Both men were indicted on April 22, 1992, for possession with intent to distribute more than fifty kilograms of marijuana and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. § 2.

On July 14, 1992, Barrera pleaded guilty to the charges alleged in the indictment. In the

---

* The parties to this appeal have indicated that oral argument is not desired. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.-1.9. Therefore, the case is ordered submitted without oral argument.

Memorandum of Understanding Regarding Guilty Plea, the government agreed to dismiss the charges against Aguirre after the imposition of a sentence on Barrera.

Barrera filed objections to the Presentence Report on October 8, 1992, and requested that the court depart downward. In particular, Barrera asserted that he was entitled to a downward departure because he had "aided the functioning of the administration of justice" by pleading guilty, giving up his motion to suppress, and helping to free an innocent person, his co-defendant Aguirre.

At the sentencing hearing on October 29, 1992, the district court granted Barrera a two-level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. However, the district court denied Barrera's request for a downward departure at the sentencing hearing held on October 29, 1992, stating that "I am not going to find that there are grounds in this case for a downward departure. Vol. II at 2. Finding that Barrera had an offense level of 20 and a criminal history category of II, the district court found that the guideline imprisonment range was 37 to 46 months. The district court then sentenced Barrera to 42 months imprisonment.

■ Barrera appeals, contending that the district court erroneously held that it had no discretion to depart downward on the grounds proffered by Barrera. In the alternative, he contends that remand for clarification of the district court's ruling is proper, because the ruling was ambiguous as to whether the district court held that it had no discretion to depart on the basis of the proffered reasons or whether the court recognized that some or all of the factors permitted a departure, but nonetheless chose not to exercise its discretion to depart.

■ The basis for the denial of the departure has important consequences for our ability to review the refusal to depart. We have jurisdiction to review a sentence imposed under the sentencing guidelines only in limited circumstances. *See* 18 U.S.C. § 3742(a). If the district court refused to depart because it erroneously interpreted the Guidelines as depriving it of the power to depart based on the proffered circumstances, then our review would be plenary. *United States*

*v. Lowden,* 900 F.2d 213, 217 (10th Cir.), *opinion after remand,* 905 F.2d 1448, *cert. denied,* 498 U.S. 876, 111 S.Ct. 206, 112 L.Ed.2d 166 (1990). However, if the district court interpreted the Guidelines as authorizing departure, but nonetheless chose not to depart, then we would have no jurisdiction to review this discretionary decision. *United States v. Fox,* 930 F.2d 820, 824 (10th Cir.), *opinion after remand,* 943 F.2d 1218, *cert. denied,* —— U.S. ——, 112 S.Ct. 218, 116 L.Ed.2d 176 (1991); *United States v. Soto,* 918 F.2d 882, 883 (10th Cir.1990) (citations omitted).

We hold that the district court's ruling that Barrera was not entitled to a downward departure was a discretionary decision that we lack jurisdiction to review. Barrera contends that the language used by the district court to deny the downward departure was similar to that used by the district court in *Lowden,* where we held that the following ruling by the district court was ambiguous:

> I have considered at some length the motion to depart from the sentencing guidelines and feel that it does not state the grounds on which I could depart from the guidelines and I will therefore deny the motion.

*Lowden,* 900 F.2d at 217. Although the district court in the instant case initially used language similar to that in *Lowden,* the court subsequently clarified the discretionary basis of its ruling after an inquiry by the defendant's counsel:

> THE COURT: ... I don't feel that—I cannot find that there is [sic] grounds for a downward departure in this case. Anything further?
>
> MR. LYMAN: Yes sir; yes, Your Honor, one final thing. By not finding grounds for a downward departure, does this mean that the Court does not believe that there is a legal basis for—
>
> THE COURT: I am *not going to find* that there are grounds in this case for a downward departure.

Vol. II at 2. The district court's use of the phrase "not going to" indicates that it was aware it had the ability to exercise its discretion but chose not to. Likewise, the court's use of the verb "find" indicates that the basis for the court's decision is its dissatisfaction with the reasons proffered to support a

downward departure, rather than a belief that the próffered reasons do not as a legal matter permit the court the discretion to depart.

Moreover, since *Lowden* and *Fox*, the district courts have become more experienced in applying the Guidelines and more familiar with their power to make discretionary departure decisions under the Guidelines. We therefore are less inclined to treat as ambiguous a ruling like that in the instant case and more inclined to treat it as a finding that the court, in the exercise of its discretion, found downward departure unwarranted.

For the foregoing reasons, we DISMISS Barrera's appeal for a lack of jurisdiction.