21 F.3d 1122
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
William Dwaine CONNELLEY, aka William Duwayne Connely,
Defendant-Appellant.
 No. 92-4181.
 United States Court of Appeals, Tenth Circuit.
 April 15, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before SEYMOUR, Chief Judge, TACHA, Circuit Judge, and VRATIL,[2] District Judge.
 
 
 2
 William Connelley was convicted after a jury trial of being a felon in possession of a firearm, in violation of 18 U.S.C. 922(g), 924(a)(2), and of possessing an unregistered firearm, in violation of 26 U.S.C. 5861(d), 5871. He was sentenced to twenty-seven months imprisonment and three years of supervised release. On appeal, Mr. Connelley contends the district court erred in refusing to allow the admission of hearsay statements by a declarant who was unavailable as a witness. He also challenges the district court's refusal to depart downward, contending that the case must be remanded for resentencing because the district court's ruling was ambiguous. We affirm.
 
 
 3
 Mr. Connelley had been seeing Debra Lock for approximately five years. Ms. Lock was in the process of divorcing her husband, David Coom, who had been in prison and was then released to a half-way house. Mr. Coom had a long criminal record and a history of abusing Ms. Lock and their children. Mr. Coom escaped from the half-way house and abducted Ms. Lock. Shortly after Mr. Coom had been apprehended, two investigators from the Utah Department of Corrections went to Ms. Lock's apartment. They found Mr. Connelley there and also discovered a sawed-off shotgun standing in the corner of the living room. One of the investigators recognized Mr. Connelley as a convicted felon. Mr. Connelley's nephew, Bryan, who was a gun collector, had brought the gun to the apartment shortly before the investigators discovered it there. Mr. Connelley had told Ms. Lock to get a gun from Bryan as protection from Mr. Coom after Ms. Lock learned that Mr. Coom had been released to a half-way house.
 
 
 4
 During the trial, an agent from the Federal Bureau of Alcohol, Tobacco and Firearms (ATF) testified that after the above incident, he received a phone call from Bryan, who said that he had given the gun to Mr. Connelley and that he wanted the gun back. Defense counsel then indicated his desire to call Bryan to testify about his conversation with the ATF agent. Counsel and the court were concerned that such questioning would involve Bryan's Fifth Amendment right against self-incrimination. Counsel was appointed for Bryan and advised Bryan not to answer any questions concerning the unregistered firearm. Defense counsel then sought admission of the testimony of a witness, David Westley, who was present during an out-of-court conversation between defense counsel and Bryan in which Bryan denied telling the ATF agent that he had given the gun to Mr. Connelley. The court sustained the government's hearsay objection.
 
 
 5
 On appeal, Mr. Connelley argues that Mr. Westley's testimony was improperly excluded because the declarant was unavailable and the statement falls within the hearsay exception for statements against interest. The parties agree that Bryan was an unavailable witness under Fed.R.Evid. 804(a)(1) because he was "exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of [his] statement." Fed.R.Evid. 804(a)(1). Mr. Connelley further contends that Mr. Westley's hearsay testimony regarding Bryan's out-of-court statement falls within the exception provided for statements against interest made by unavailable declarants. We disagree. To fall within this hearsay exception, the statement must tend to subject the declarant to criminal liability. Fed.R.Evid. 804(b)(3). The statement sought to be admitted here was Bryan's denial that he told the ATF agent he had given the gun to Mr. Connelley. This statement simply does not tend to subject Bryan to criminal liability and therefore does not come within the exception. Accordingly, we find no ground for reversing Mr. Connelley's conviction.
 
 
 6
 By the time of sentencing, Mr. Connelley and Ms. Lock were married and Mr. Connelley was the sole support of seven children. He sought a downward departure on the basis of his family ties and responsibilities.[3] The court did not depart from the applicable guideline range, although it did waive imposition of a fine "based on the family situation and family obligation." Supp. Rec., vol. II, at 5. Mr. Connelley contends both that the court abused its discretion and that a remand is necessary because the court's findings on departure are too inadequate to permit meaningful review.
 
 
 7
 "We have jurisdiction to review a sentence imposed under the sentencing guidelines only in limited circumstances. If the district court refused to depart because it erroneously interpreted the Guidelines as depriving it of the power to depart based on the proffered circumstances, then our review would be plenary. However, if the district court interpreted the Guidelines as authorizing departure, but nonetheless chose not to depart, then we would have no jurisdiction to review this discretionary decision."
 
 
 8
 United States v. Barrera-Barron, 996 F.2d 244, 245 (10th Cir.), cert. denied, 114 S.Ct. 358 (1993). In Barrera-Barron, we pointed out that "the district courts have become more experienced in applying the Guidelines and more familiar with their power to make discretionary departure decisions under the Guidelines." 996 F.2d at 246. We have thus become less inclined to treat a district court's ruling as ambiguous and "more inclined to treat it as a finding that the court, in the exercise of its discretion, found downward departure unwarranted." Id.
 
 
 9
 We conclude that the sentencing court's ruling here is properly viewed as exercising its discretion to find that downward departure was not warranted by the proffered circumstances. Defense counsel directed the court's attention at sentencing to U.S.S.G. 5H1.6, which states: "Family ties and responsibilities and community ties are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." Counsel then argued vigorously that downward departure was nonetheless appropriate because this was not the ordinary case. The government did not agree that the circumstances warranted a downward departure. Our review of the proceedings indicate that both of the parties and the court recognized that the court had the power to depart. Moreover, defense counsel called the court's attention to another case before another judge which apparently involved a downward departure based on the defendant's family situation, reinforcing our view that the court here knew it had the discretionary power to depart. Accordingly, we have no jurisdiction to review the exercise of that discretion.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Honorable Kathryn H. Vratil, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [3]
 On appeal, Mr. Connelley asserts that a downward departure is appropriate because he committed the offense under coercion or duress. We find no indication in the record that Mr. Connelley made this argument below, and we therefore decline to consider it here