57 F.3d 1081
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey B. GARVIN, Defendant-Appellant.
 No. 94-3365.
 United States Court of Appeals, Tenth Circuit.
 June 14, 1995.
 
 Before TACHA, LOGAN, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 TACHA
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from the district court's denial of defendant's motion for a downward departure in the sentence imposed upon defendant after defendant pled guilty to the offense of possessing a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. 924(a)(2) and 922(g). The sole issue on appeal is whether the district court erred in refusing to depart downward.
 
 
 3
 Defendant in this case entered into a plea agreement where he entered a plea of guilty to count 2 of an indictment which charged him with being a felon in possession of a firearm in violation of 18 U.S.C. 924(a)(2) and 922(g). Counsel for defendant filed a motion for a downward departure pursuant to U.S.S.G. 5K2.0 and 18 U.S.C. 3553(b) on the grounds that defendant had acquired the handgun on behalf of his sister and that the sentence should be mitigated because of the lower culpability when the defendant passively possessed a gun. Thus, defendant's counsel argued that the circumstances of defendant's possession of the firearm took the case outside the heartland of cases that should be sentenced within the guideline range.
 
 
 4
 The district court held a hearing and considered the defense motion for a downward departure. The transcript of that hearing makes clear that the district court "totally denied" the downward departure. Nothing in the record suggests that the district court did not understand his authority to depart downward under appropriate circumstances. We have said that the district courts are now familiar with their power to make discretionary departure decisions under the guidelines. U.S. v. Barrera-Barron, 996 F.2d 244, 246 (10th Cir.), cert. denied, 114 S.Ct. 358 (1993). The record contains no evidence that supports defendant's claim that the trial court misunderstood the extent of its discretion. Under these circumstances, this court has no jurisdiction to review the district court's decision denying the motion for a downward departure. U.S. v. Rodriguez, 30 F.3d 1318, 1319 (10th Cir.1994). We therefore DISMISS this appeal for lack of jurisdiction.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470