89 F.3d 836
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edmund Steven KULIK, Jr., Defendant-Appellant.
 No. 95-5774, 95-5854.
 United States Court of Appeals, Sixth Circuit.
 July 1, 1996.
 
 Before: KEITH, KENNEDY and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant appeals a sentence of seventy months imprisonment following his conviction for conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846. Defendant contends that the District Court erroneously believed that it did not have the authority to downwardly depart from the sentencing guidelines range. For the following reasons, we REMAND for resentencing.
 
 I.
 
 2
 Defendant was charged and pled guilty to one count of conspiring to cultivate marijuana in violation 21 U.S.C. § 846. His prior convictions placed him in a criminal history category of II under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). In 1986, defendant was arrested in Oklahoma for driving under the influence of alcohol. He pled guilty to driving while impaired. In 1994, defendant was arrested in Indiana for driving under the influence of alcohol, but he was convicted on a reduced charge of reckless driving. His sentence was suspended, and he was placed on one year unsupervised probation. Defendant was still on probation when he committed the instant offense. This required that two points be added to his criminal history computation under U.S.S.G. § 4A1.1(d). As a result, defendant's total criminal history score was 4, which established a criminal history category of III. The parties agreed that his total offense level was 25. The sentencing range for an offense level of 25 at criminal history category III is 70-87 months imprisonment. In comparison, if criminal history category II had been applied, the sentencing guidelines range would have been 63-78 months.
 
 
 3
 Defendant did not object to the Guidelines calculation but moved at sentencing for a downward departure. Without specifically referencing the applicable Guidelines provision, defendant argued that criminal history category III overstated his criminal record because his previous convictions were misdemeanors. In denying the motion, the District Court stated that "it is 70 [months] and I can't go below it, and I find that. The Sixth Circuit recently spoke to us on this and [was] emphatic that evenhandedness in sentencing had little to do with it, it's the numbers game. So, I am going to sentence within the guidelines" (JA at 76). The District Court thus sentenced defendant to 70 months imprisonment, at the bottom of the applicable guidelines range.
 
 II.
 
 4
 Defendant contends that the District Court erred in refusing to consider on its merits his motion for downward departure. He argues that statements made by the District Court during sentencing indicate that the Court was unaware of its discretion to depart from the guidelines range.
 
 
 5
 This court has the authority to review a defendant's sentence to determine whether the sentence was imposed in violation of the law or as a result of an incorrect application of the guidelines. 18 U.S.C. § 3742(e). If we find that the sentence was improperly imposed for either of these reasons, the court "shall remand the case for further sentencing proceedings with such instructions as the Court considers appropriate." Id. § 3742(f)(1).
 
 
 6
 Section 4A1.3 of the Guidelines expressly authorizes a downward adjustment in cases "where the court concludes that a defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes." However, the refusal of a district court to make a downward departure on this basis is not ordinarily appealable. United States v. Byrd, 53 F.3d 144, 145 (6th Cir.1995).
 
 
 7
 Where ... the guideline range was properly computed, the district court was not unaware of its discretion to depart from the guideline range, and the sentence was not imposed in violation of law or as a result of an incorrect application of the guidelines, the failure to depart is not cognizable on appeal under 18 U.S.C. § 3742(a).
 
 
 8
 United States v. Davis, 919 F.2d 1181, 1187 (6th Cir.1990); see also United State v. Brannon, 7 F.3d 516, 521-22 (6th Cir.1993) (applying Davis analysis to an appeal of a district court's refusal to depart downward under U.S.S.G. § 4A1.3).
 
 
 9
 Additionally, there is no duty on the trial judge to state affirmatively that he knows he possesses the power to make a downward departure, but declines to do so. Byrd, 53 F.3d at 145. Further, we assume that district judges are now familiar with the Guidelines and, therefore, we are "reluctant to 'treat as ambiguous' a ruling which does not affirmatively state that the judge knew he could depart downward but failed to do so." Id. (quoting United States v. Barrera-Barron, 996 F.2d 244, 246 (10th Cir.), cert. denied, 114 S.Ct. 358 (1993)).
 
 
 10
 We agree with defendant, however, that this case falls within an exception to the no appeal rule because the District Court was unaware of its discretion to depart downward. See Davis, 919 F.2d at 1187. The judge's comments at the sentencing hearing indicate to us that he did not believe he could depart downward. While the sentence "but it is 70 and I can't go below it" may be ambiguous, the next sentence indicates that the District Court construed some opinion of this court as constraining him from doing so. We know of no such decision and the government has pointed to none. It is unfortunate the defendant did not cite the applicable Guidelines provision. Had he or the government done so, this appeal might well have been unnecessary.
 
 
 11
 We do not suggest to the District Court how it should rule on defendant's motion to depart. However, we believe it must be given the opportunity to consider whether downward departure is appropriate under the applicable guideline.
 
 III.
 
 12
 For the foregoing reasons, we VACATE the defendant's sentence and REMAND for resentencing.