**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 26 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ELIZABETH HELMLING,

Defendant-Appellant.

No. 96-1524
(District of Colorado)
(D.C. No. 96-CR-196-M)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR,** Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Appellant Elizabeth D. Helmling pleaded guilty to one count of mail fraud in violation of 18 U.S.C. § 1341. Following a sentencing hearing, the district

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

court sentenced Helmling to imprisonment for a term of twelve months and one day. On appeal, Helmling contends that district court erred when it refused to depart downward pursuant to section 5K2.13 of the United States Sentencing Guidelines.[1] Finding itself without jurisdiction, this court dismisses Helmling's appeal.

"A discretionary refusal to depart downward is not reviewable by this court unless it appears from the record the sentencing court erroneously believed the Guidelines did not permit a downward departure." *United States v. Nelson*, 54 F.3d 1540, 1544 (10th Cir. 1995). Furthermore, because "'the district courts have become more experienced in applying the Guidelines and more familiar with their power to make discretionary departure decisions under the Guidelines,'" this court will only review a refusal to depart downward where the district judge's "language unambiguously states that the judge does not believe he has authority to downward depart." *United States v. Rodriguez*, 30 F.3d 1318, 1319 (10th Cir.

---

[1]Section 5K2.13 of the United States Sentencing Guidelines provides:

> If the defendant committed a non-violent offense while suffering significantly reduced mental capacity not resulting from the voluntary use of drugs or other intoxicants, a lower sentence may be warranted to reflect the extent to which reduced mental capacity contributed to the commission of the offense, provided that the defendant's criminal history does not indicate a need for incarceration to protect the public.

U.S.S.G. § 5K2.13 (1995).

1994) (quoting *United State v. Barrera-Barron*, 996 F.2d 244, 246 (10th Cir.), *cert. denied*, 114 S. Ct. (1993)). Thus, because section 5K2.13 is couched in discretionary terms, *United States v. Eagan*, 965 F.2d 887, 893 (10th Cir. 1992), this court can review the district court's refusal to depart downward only if the district court unambiguously stated that it was without authority to depart. *Rodriguez*, 996 F.2d at 246; *United States v. Nelson*, 54 F.3d 1540, 1544 (10th Cir. 1995) (If the record is ambiguous concerning the district court's awareness of its discretion to depart downward, we presume the court was aware of its authority.").

The record of the sentencing hearing does not contain a clear statement on the part of the district court indicating that it erroneously thought it was without power to depart downward. Accordingly, this court lacks jurisdiction to hear Helmling's appeal. *Rodriguez*, 996 F.2d at 246; *Nelson*, 54 F.3d at 1540. Helmling's appeal is hereby **DISMISSED** for lack of appellate jurisdiction.

ENTERED FOR THE COURT,


Michael R. Murphy
Circuit Judge