F I L E D
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

**JAN 14 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

BLAINE CHARLES MOORE,

      Defendant - Appellant.

No. 97-6203
(D.C. No. 96-CR-186)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL**, and **KELLY**, Circuit Judges.[**]

Defendant-appellant Blaine Charles Moore pleaded guilty to unlawful possession of a machine gun, see 18 U.S.C. § 922(o), and received a sentence of 96 months imprisonment, 72 months to be served consecutively to a state sentence. The federal sentence was based in part on a criminal history score of 13

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

resulting in a criminal history category of VI. On appeal, Mr. Moore argues that the district court should have departed downward because the criminal history category significantly over-represented the seriousness of his criminal history or the likelihood of recidivism. See generally USSG § 4A1.3, p.s.; United States v. Maldonado-Campos, 920 F.2d 714, 719, 719 n.2 (10th Cir. 1990). Mr. Moore relies on the fact that the conduct forming the basis of his state convictions occurred subsequent to the conduct in the federal case, and that a delayed prosecution in the federal case resulted in a much higher criminal history score than would otherwise have occurred. The district court determined that there were valid reasons for the delayed prosecution and denied Mr. Moore's request for a downward departure based on criminal history. See 18 U.S.C. § 3553(b); USSG § 5K2.0.

Whether to depart downward is discretionary and ordinarily we are without jurisdiction to review a district court's denial of a downward departure. See United States v. Jones, 80 F.3d 436, 439 (10th Cir.), cert. denied, 117 S. Ct. 139 (1996). We have reviewed the record, including the sentencing transcript, and it is apparent that the district court was aware of the grounds urged, see III R. 7-8, exercised its discretion, see id. at 18, and declined to depart downward; accordingly, we are without jurisdiction. See United States v. Barrera-Barron, 996 F.2d 244, 246 (10th Cir.), cert. denied, 510 U.S. 937 (1993).

APPEAL DISMISSED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge