**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 30 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROBBY DEAN POOLE, also known
as Stacy Lee Haag, also known as
Eric Ludgood,

Defendant-Appellant.

No. 00-5238
(D.C. No. 99-CR-8-BU)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** and **BALDOCK,** Circuit Judges, and **BRORBY** ,
Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Robby Dean Poole entered a plea of guilty to bank fraud and aiding and abetting, in violation of 18 U.S.C. § 1344(1), (2). He was sentenced to a term of thirty-three months' imprisonment and three years' supervised release in accordance with the applicable United States Sentencing Guidelines. He now appeals the district court's denial of his motion for a downward departure based on his testimony that he endured extreme sexual abuse during childhood.

It is well-settled that this court has jurisdiction to review a "refusal to depart downward only when 'the district court refused to depart because it erroneously interpreted the Guidelines as depriving it of the power to depart based on the proffered circumstances.'" *United States v. Rowen*, 73 F.3d 1061, 1063 (10th Cir. 1996) (quoting *United States v. Barrera-Barron*, 996 F.2d 244, 245 (10th Cir. 1993)). ""[U]nless the judge's language unambiguously states that he does not believe he has authority to downward depart, we will not review his decision.'" *Id.* (quoting *United States v. Rodriguez*, 30 F.3d 1318, 1319 (10th Cir. 1994)).

Here, a review of the record does not reveal any statement on the part of the district court concerning a belief that it lacked discretion to downward depart from the Guidelines. [1] In ruling on Poole's departure motion, the court stated that

---

[1] We note, however, that USSG § 5H1.12 generally prohibits downward departure based on "a disadvantaged upbringing." Although we have recognized
(continued...)

-2-

it "realize[d] that it may have the authority to depart and do a downward departure in this case, but based upon the criminal history in this case over – spanning over several years and considering the type of crime this is, the Court is going to deny the downward departure." R., Vol. V at 34-35. We therefore conclude that we lack jurisdiction to review the district court's decision.

For the foregoing reasons, we DISMISS Poole's appeal of the district court's sentencing decision. The motion to withdraw as counsel, filed by R. Thomas Seymour, is GRANTED. [2]

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[1](...continued)
that other federal courts have allowed downward departure in instances of extreme childhood abuse, we have not made a similar holding. *United States v. Browning*, 252 F.3d 1153, 1160 (10th Cir. 2001) (declining to consider the issue, for lack of jurisdiction).

[2] In this appeal, Mr. Seymour filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967).