**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Elmer Ray MARTIN, Defendant–
Appellant.**

No. 02–1764.

United States Court of Appeals,
Sixth Circuit.

July 23, 2003.

Before KEITH, SUHRHEINRICH and CLAY, Circuit Judges.

PER CURIAM.

Defendant Elmer Ray Martin appeals a district court decision not to grant him a downward departure pursuant to U.S.S.G. § 5K2.13. Martin contends that the district court misunderstood its authority to depart under the guideline. We DISMISS this appeal for lack of jurisdiction.

I.

On October 18, 2001, Martin was indicted on two counts bank robbery in violation

18 U.S.C. § 2113(a). On January 23, 2002, the Government filed a superseding information charging Martin with a third count of bank robbery in violation of 18 U.S.C. § 2113(a). On February 21, 2002, Martin waived indictment and entered a guilty plea to all three counts of the superseding information without a written plea agreement. Martin filed a motion for downward departure on the basis of diminished capacity. Martin argued that a departure was appropriate under § 5K2.13, because he has a lengthy history of mental illness. The district court rejected Martin's motion for downward departure and sentenced him to 97 months on each count, to run concurrently. The court also indicated that it would recommend that Martin be housed in a facility with both a comprehensive drug treatment program and an appropriate mental health treatment program. This appeal follows.

## II.

It is well-settled that a district court's decision not to depart downward is not ordinarily reviewable on appeal. *See, e.g.,* *United States v. McGahee,* 257 F.3d 520, 531 (6th Cir.2001); *United States v. Coleman,* 188 F.3d 354, 357 (6th Cir.1999) (en banc); *United States v. Strickland,* 144 F.3d 412, 418 (6th Cir.1998). A district court's decision not to depart downward is reviewable only if the district court incorrectly believed that it lacked the authority to depart. *McGahee,* 257 F.3d at 531; *Coleman,* 188 F.3d at 357; *Strickland,* 144 F.3d at 418. Moreover, the district court need not explicitly state that it is aware of its authority to depart, as long as it is clear from the record that the court so understood. *Strickland,* 144 F.3d at 418.

Section 5K2.13 authorizes a district court to depart downward if the defendant committed the offense while suffering from significantly reduced mental capacity. U.S.S.G. § 5K2.13 (policy statement) (Nov. 2001). However, the court may not depart if the significantly reduced mental capacity was caused by the voluntary use of a controlled substance, the facts of the offense indicate a need to protect the public, or the defendant's criminal history indicates a need to incarcerate the defendant to protect the public. *Id.*

Martin contends that a review of the sentencing transcript reveals that the court did not understand its authority to depart on the basis of diminished capacity. Martin claims that the lower court erroneously focused on two factors in denying the departure: (1) the "societal purpose" that would be served by a departure, and (2) the interplay between Martin's substance abuse and his mental illness.

A review of the record reveals that the district court clearly understood its authority to depart, but decided not to based on its factual findings. The district court stated in relevant part:

The issue, in my mind, is not whether or not Mr. Martin suffers from some mental impairment. The medical history on that is irrefutable. He does.

The question here is, he was under medication which he stopped taking. He, by his own statements, robbed the bank because he wanted to get money to buy crack.... [H]e made some very conscience [sic] decisions about the nature of the crime he was going to commit, targets for the crime.

Even during the robbery, he was thinking clearly enough to make statements to show which would reflect that he understood that he had to move quickly in order to get away.

Under all of these circumstances, I don't think that I can make a finding that the crime was the product of a

significantly diminished mental capacity that did not arise out of his drug abuse.

Was it a factor? I'm sure his mental capacity has been a factor in virtually everything that Mr. Martin has done in his life.

He needs a stable environment. I will take that into account in sentencing at an appropriate level within the applicable guideline range, but I don't think that it provides a basis for downward departure.

From the foregoing colloquy it is apparent that the district court clearly understood its authority to depart but decided not to as a factual matter, because, in the district court's view, the crime was not "the product of a significantly diminished mental capacity that did not arise out of his drug abuse." USSG § 5K2.13. As the Government points out, Martin's real complaint is with the district court's factual findings, not with the court's understanding of its authority to depart. However, a failure to depart that is based on alleged factual errors is not appealable, "[e]ven if the finding were [sic] clearly erroneous." *United States v. Watkins*, 179 F.3d 489, 501 (6th Cir.1999). "[A]s long as the guideline range was properly computed. the district court was not unaware of its discretion to depart from the guideline range, and the sentence was not imposed in violation of law or as a result of an incorrect application of the guidelines, the failure to depart is not cognizable on appeal." *Id.; United States v. Davis*, 919

F.2d 1181, 1187 (6th Cir.1990). Such is the case here.

The district court's reference to "societal purposes" [1] does not reflect a misunderstanding of its authority. The court balanced Martin's request for departure against the societal purposes seeking to discourage drug abuse, protect the public and deter violent crimes. U.S.S.G. § 5K2.13. The court explicitly stated that "they're [sic] two aspects to this, the primary being whether ... this defendant fits within the 5K2.13 guideline ... then stepping back and looking at that [sic] overall purposes of sentencing." The court further noted that Martin had "robbed the bank because he wanted to get money to buy crack," and commented that "[t]hese are serious crimes, three bank robberies, the third of which was committed while the defendant was on bond having been released. And I simply can't overlook the seriousness of these crimes."

In sum, the record discloses that the district court "in the exercise of its discretion. found downward departure unwarranted." *United States v. Byrd*, 53 F.3d 144, 145 (6th Cir.1995) (quoting *United States v. Barrera–Barron*, 996 F.2d 244, 246 (10th Cir.1993)). We therefore DISMISS this appeal for a lack of jurisdiction.

---

1. The district court stated in relevant part:
THE COURT: Let me ask you a question.
What societal purpose, in addition to-what societal purpose and what purpose of the defendant would be served by a downward departure?
This defendant has fairly serious health problems....
He's got, as you indicated, some mental health problems that require attention on a regular basis. He has a history of drug abuse, substance abuse, not just drug abuse, but alcohol and drug abuse.
He-in reviewing the Presentence Report. he doesn't seem to have anything to be released to the community for. No significant history of employment, no community support, no family support, significant family support that he can go back to.