**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 20, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

STEVEN E. COUCH, JR.,

    Defendant - Appellant.

No. 18-3032
(D.C. No. 5:12-CR-40014-DDC-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.
_____

This appeal grew out of Mr. Steven Couch's request for hybrid representation: He wanted to represent himself, but he also wanted to share the representation with an attorney. Hybrid representation isn't a constitutional right, but it can be allowed in the district court's discretion.

The court didn't allow hybrid representation for Mr. Couch. If the court was simply exercising its discretion, there would have been no error. But if the district court had mistakenly thought that it lacked discretion, there would have been an error. So we must interpret the record to decide

---

[*]    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But this order and judgment may be cited as otherwise appropriate. *See* Fed. R. App. P. 32.1(a); Tenth Cir. R. 32.1(A).

whether the district court had denied hybrid representation based on its discretion or a legal mistake about the availability of discretion. The record is ambiguous, which requires us to infer that the court recognized its discretion. We therefore affirm.

**1.    The district court disallows hybrid representation.**

The underlying dispute arose in Mr. Steven E. Couch Jr.'s hearing on the government's petition to revoke supervised release. Mr. Couch was represented by counsel, but he asked the court to allow pro se briefing and oral argument. The district court pointed out that Mr. Couch had no constitutional right to hybrid representation, rejected his request, and required him to choose between representing himself and acting through counsel.

Mr. Couch refused to choose between the two, so the court directed Mr. Couch to proceed through his counsel. The court later revoked Mr. Couch's supervised release, leading to this appeal.

**2.    District courts abuse their discretion if they rely on a mistaken belief that hybrid representation is never allowed.**

The Supreme Court has recognized a constitutional right to self-representation, but not to simultaneous self-representation and representation by counsel (known as hybrid representation). *See McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984) (no constitutional right to hybrid representation); *Faretta v. California*, 422 U.S. 806, 819 (1975)

2

(constitutional right to self-representation).[1] District courts have discretion over whether to allow hybrid representation. *United States v. Treff*, 924 F.2d 975, 979 n.6 (10th Cir. 1991).

The district court disallowed hybrid representation, and we review that ruling for an abuse of discretion. *United States v. Hale*, 762 F.3d 1214, 1219–20 (10th Cir. 2014). When reviewing for an abuse of discretion, we presume that "[t]rial judges . . . know the law and [how] to apply it in making their decisions." *Walton v. Arizona*, 497 U.S. 639, 653 (1990), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584, 609 (2002). But a district court abuses its discretion when basing the decision on an erroneous legal conclusion. *Kansas v. United States*, 249 F.3d 1213, 1227 (10th Cir. 2001). So the court would have abused its discretion if it had mistakenly thought that it couldn't allow hybrid representation.

**3.     When the record is ambiguous, we infer that the court understood that it had discretion.**

If a court makes a potentially erroneous statement, we can consider the broader context to determine whether the statement reflects a correct understanding of the law. *United States v. Franke*, 1995 WL 298137, at *5–6 (10th Cir. May 16, 1995) (unpublished). But even when we consider context, the record sometimes remains ambiguous. When ambiguity remains, we ordinarily infer that the district court correctly understood the

---

[1]     Mr. Couch contends that the Supreme Court should reconsider this question. *See* Appellant's Opening Br. at 22–23.

law. *United States v. Sierra-Castillo*, 405 F.3d 932, 936 (10th Cir. 2005). For example, when a district court enjoys discretion over sentencing, we generally infer that the court recognizes this discretion when the record is ambiguous. *See, e.g.*, *United States v. Fortier*, 180 F.3d 1217, 1231 (10th Cir. 1999) ("[W]e treat ambiguous statements made by district judges as though the judge was aware of his or her legal authority to depart but chose instead, in an exercise of discretion, not to depart.").

**4.      The record is ambiguous as to whether the district court recognized its discretion to allow hybrid representation.**

The court disallowed Mr. Couch hybrid representation, and the record is ambiguous as to whether the court recognized its discretion or misunderstood the law.

The hearing began with the court inviting Mr. Couch to address legal representation. With this invitation, Mr. Couch asked for an opportunity to file and argue his own pro se motions along with those filed by his attorneys. Mr. Couch admitted that previous judges had been reluctant to permit hybrid representation. The court replied:

> THE COURT: Well, here's-- the thing. You're right, that under the Constitution, you have a right to represent yourself in this hearing. Here's-- there are a couple of impediments. One is that, *typically*, in this setting we don't do sort of halfway. You either represent yourself or you're represented by counsel. We don't do kind of hybrid arrangements like that, *because it creates more problems than I can solve.*

R., vol. I at 116 (emphasis added).

4

This reply suggests that the district court understood its discretion. "The term 'discretion' denotes the absence of a hard and fast rule." *Langnes v. Green*, 282 U.S. 531, 541 (1931). And the district court's language contains three indications that there was no hard-and-fast rule.

First, the court used the word "typically," which suggests that hybrid representation is occasionally granted. R., vol. I at 116; *see SR Int'l Business Ins. Co. v. World Trade Center Props., LLC*, 467 F.3d 107, 128 (2d Cir. 2006) (stating that a jury instruction on what insurance coverage terms "typically" governed did not preclude the applicability of contrary coverage terms); *see also Conkright v. Frommert*, 559 U.S. 506, 530 (2010) (Breyer, J., dissenting) (arguing that "the word 'ordinarily' confirms" the existence of situations in which courts will do the opposite); *Fisher v. State*, 367 Md. 218, 238, 786 A.2d 706, 718 (Md. 2001) (same).

Second, the court explained that hybrid representation "creates more problems than [it] can solve." R., vol. I at 116. This statement suggests that the district court understood its discretion and had already decided to disallow hybrid representation because of the problems that could arise. *Cf. United States v. Barrera-Barron*, 996 F.2d 244, 245 (10th Cir. 1993) ("The district court's use of the phrase 'not going to' indicates that it was aware it had the ability to exercise its discretion but chose not to.").

Third, the court stated: "[I]f you make a knowing waiver of your right to counsel, you do have a right to represent yourself. Let me explain

5

what you do not have a right to do, and that is a little bit of column A and a little bit of column B." R., vol. I at 122. This statement was correct, suggesting that the court understood that it had discretion. *See United States v. Franke*, 1995 WL 298137 at *5 (10th Cir. May 16, 1995) (unpublished) (holding that when a court articulates the correct constitutional standard on hybrid representation, "it [is] clear that the judge correctly understood the governing law and did exercise discretion").

Mr. Couch points to the court's repeated use of absolute language, suggesting that it reflected a binary choice between self-representation and representation by counsel, leaving no room for hybrid representation:

1. "You either represent yourself or you're represented by counsel. We don't do kind of hybrid arrangements like that . . . ." R., vol. I at 116.

2. "So, Mr. Couch, I'm back to you because this is an either/or circumstance." *Id.* at 119.

3. "[Y]ou either represent yourself in this proceeding or you're represented by counsel. Those really are the choices. And it's one of them or the other of them. It's not a mixture." *Id.* at 119–20.

4. "Mr. Couch, with all respect for you, I-- we cannot proceed, I cannot allow this to go forward this morning, with a mixture of the two." *Id.* at 123.

5. "I-- I have offered you the choice. And so the choice is: Do you want to represent yourself or do you want to represent-- be represented by counsel? The key word in that sentence is 'or.'" *Id.*

6

In isolation, these statements could suggest a belief that hybrid representation was foreclosed by law. But the court had already said that it wouldn't allow hybrid representation, so Mr. Couch's choice *was* an either/or situation. When the court said that the defendant "cannot" proceed with hybrid representation, this statement could have meant either that the court *wouldn't* allow hybrid representation or that it *couldn't*. *Compare Cannot*, OXFORD ENGLISH DICTIONARY (3rd ed. 2017) ("An inability to do a thing; an impossibility; (also) a statement that something cannot be done."), *with Can*, OXFORD ENGLISH DICTIONARY (3rd. ed. 2017) ("Expressing permission or sanction: be allowed to, be given permission to . . . . Frequently in requests."). So these statements are ambiguous as to whether the district court was exercising discretion or mistakenly thought that hybrid representation couldn't be permitted.

Mr. Couch contrasts this case to *United States v. Franke*, 1995 WL 298137 (10th Cir. May 16, 1995) (unpublished), where we considered a district court's single statement and found no abuse of discretion. In *Franke*, the district court stated: "There is no such thing [as hybrid representation]." *Id.* at \*5, 11. Yet we held that the record elsewhere showed that the court had understood the law, and we declined to "read[] too much into the single remark." *Id*. at \*5. True, the district court here made more than one absolute statement. But the court's multiple statements made the same point, and the court had to repeat itself because

7

Mr. Couch repeatedly refused to elect between self-representation and representation by an attorney. R., vol. I at 119–23.

Mr. Couch also argues that the prosecutor had misstated the law in his argument and that the misstatement led the court astray:

> Judge, it should come as no surprise that Mr. Couch tries this every time that he comes before the court. He did this in front of Judge Robinson. It was, of course, denied.
>
> . . .
>
> His hybrid representation was denied. He was ultimately allowed to represent himself. At some point then, he took on counsel after he decided he didn't want to represent himself. So it's not uncommon for Mr. Couch to continue this process. He gets into a situation where only his motions can be the ones that are filed. So it's-- it comes down to *either he gets to represent himself or he's going to have to file them through Mr. Johnson*. He cannot come in here and drop these motions on the government and expect us to be able to respond today. That-- that just cannot happen.
>
> So he-- at this point, I guess the only thing this court has to decide today is: Is he going to represent himself or not?
>
> . . .
>
> We're here to determine whether or not his motion about his competency should be-- should be questioned. But it sounds now that we're back to square one like we always are with Mr. Couch. Who's going to represent him? *And he can't have hybrid representation. It's either Mr. Johnson or himself. And that's-- it can't be any more clear than that.*

R., vol. I at 117–19 (emphasis added). The same ambiguities apply here, but prosecutors are not decisionmakers and the court had asked the prosecutor for his legal position. R., vol. I at 117. It's possible that the

8

prosecutor's statement (that Mr. Couch "*can't* have hybrid representation") constituted a misleading statement of the law. R., vol. I at 119 (emphasis added). But even if the statement had been misleading, it followed the court's announcement that it wouldn't allow hybrid representation. *Compare* R., vol. I at 116, *with* R., vol. I at 119. So the prosecutor's possible misstatement of the law does not bear on what the district court had meant in its earlier statements.

**5.    Conclusion**

The district court accurately stated the pertinent law, and the record is ambiguous as to whether the court recognized its discretion to permit hybrid presentation. Given this ambiguity, we infer that the district court recognized its discretion. We therefore affirm.

Entered for the Court


Robert E. Bacharach
Circuit Judge

9