45 F.3d 440
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Katherine Lee YOST and Randy Clayton Yost, Defendants-Appellants.
 Nos. 94-6272, 94-6283.
 United States Court of Appeals, Tenth Circuit.
 Dec. 29, 1994.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10thCir.R.34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court enhancing by two points the sentences of defendants Randy and Katherine Yost for obstruction of justice pursuant to United States Sentencing Guideline 3C1.1. The resentencing in this case occurred following a remand from this court in United States v. Yost, 24 F.3d 99 (10th Cir.1994), in which this court instructed the district court to resentence so that the court could make a determination on whether the sentences should be enhanced for obstruction of justice. At the resentencing proceeding, the district court stated on the record in open court that his reasons for imposing the two-point enhancement were related to the fact that defendant Katherine Yost said that she accurately submitted an inventory which was in fact grossly inflated with respect to what was present in the burned building at the time of the fire. With respect to Mr. Randy Yost, the district court stated his reasons which were related to defendant Randy Yost's testimony that he did not participate in the crime and that he lied with respect to what was in the shop at the time of the arson.
 
 
 3
 The district court has complied with the instruction of this court to resentence and set forth the reasons for the determination that both defendants should receive two-point enhancements for obstruction of justice. We AFFIRM the order resentencing these defendants. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470