**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James Patrick ROWEN, Defendant–**
**Appellant.**

No. 93–2281.

United States Court of Appeals,
Tenth Circuit.

Jan. 17, 1996.

John J. Kelly, United States Attorney, Tara C. Neda, Assistant United States Attorney, for the District of New Mexico, Albuquerque, New Mexico, for Appellee.

Adam G. Kurtz, Albuquerque, New Mexico, for Appellant.

Before TACHA, LOGAN, and KELLY, Circuit Judges.

TACHA, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

In July, 1993 a jury convicted James Patrick Rowen of possession of an unregistered firearm in violation of 26 U.S.C. §§ 5845(a)(4) and 5861(d). At sentencing, the district court did not assent to Rowen's request for downward departure from the applicable United States Sentencing Guidelines range. In addition, the district court enhanced Rowen's offense level for obstruction of justice pursuant to USSG § 3C1.1. Rowen now appeals, arguing (1) that this court has jurisdiction to review his sentence because the district judge failed to consider his motion for downward departure; (2) that a downward departure was warranted; and (3) that the district court erred in enhancing his sentence level for obstruction of justice. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a)(1) and 28 U.S.C. § 1291, and affirm.

In March of 1992, Drug Enforcement Administration agents executed a search warrant for Rowen's trailer in Albuquerque, New Mexico, and found eight guns. One of the weapons was a Pietta Cat, Bingham PSI 50/.22 caliber rifle, with an overall length of 24 15/16 inches. The stock of this rifle had been shortened. Under 26 U.S.C. §§ 5845(a)(4) and 5861(d), any rifle shorter than 26 inches must be registered in the National Firearms Registration and Transfer Record. A search of the Record revealed that the Bingham rifle was not registered. Rowen was then indicted and tried for possession of an unregistered firearm. After the jury failed to reach a verdict, the court declared a mistrial.

Rowen was then retried and convicted. At the second trial, Rowen stated that he did not own the Bingham rifle. However, on cross-examination, he admitted that before he was charged he had confessed to owning all the guns found in the trailer. Kimberly Martinez, Rowen's live-in girlfriend, initially testified that Kathy Izat, Rowen's ex-girlfriend, owned the Bingham rifle, and that Izat had placed it in the trailer without Rowen's knowledge. However, Martinez later admitted that before she learned that Rowen would be charged, she had testified that all of the guns found in the trailer belonged to Rowen. Izat testified that Rowen owned the Bingham rifle, and that Rowen had told her that he would say the rifle belonged to her because "the story would be better."

At the sentencing hearing, Rowen contended that his case warranted a downward departure because: (1) the rifle was only 1 1/16 inches shorter than the length required by law, too long to be concealed and not so noticeably short that a person of ordinary intelligence would believe that possession of such a weapon would be illegal; (2) the rifle had never been used in criminal activity, nor was Rowen the person who shortened the stock; (3) although intent to possess an unregistered gun is not an element of the offense, the fact that he did not intend to do so should be considered; and (4) incarceration would not satisfy the goals of rehabilitation, retribution and deterrence. In addition, Rowen objected to the conclusion in the presentence report that Rowen obstructed justice by falsely testifying at trial.

After hearing arguments from both sides, the court concluded that Rowen had obstructed justice by falsely testifying at trial and enhanced his offence level in accordance

with USSG § 3C1.1. The court determined that the Guideline imprisonment range applicable to Rowen was 33 to 41 months, and sentenced him to 33 months.

█ Rowen contends that the district court erroneously concluded that it did not have discretionary authority to depart from the Sentencing Guidelines. We have jurisdiction to review a district court's refusal to depart downward only when "the district court refused to depart because it erroneously interpreted the Guidelines as depriving it of the power to depart based on the proffered circumstances...." *United States v. Barrera–Barron*, 996 F.2d 244, 245 (10th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 358, 126 L.Ed.2d 321 (1993). "However, if the district court interpreted the Guidelines as authorizing departure, but nonetheless chose not to depart, then we would have no jurisdiction to review this discretionary decision." *Id.*

In this case, the district court never made an explicit ruling on the motion to depart downward. In sentencing Rowen, the court stated:

I have heard the testimony in the cases, both cases.... I have heard the testimony of the prosecution witness, Kathy Izat. You have asserted that she is a convicted felon. I don't have any information as to whether or not that felony would be a felony that should be taken into consideration with respect to her credibility, and so I am not involving myself in the evaluation of whether or not that felony should be— should affect her credibility. The jury heard her testimony. The jury accepted her testimony. I heard all of the other witnesses, the defense witnesses, including the defendant, and the testimony of his girlfriend.

And I conclude, as did the probation office, that there was a representation by the defendant of ownership of the guns and that he had—also had possession of this gun for a period of—a number of years. And based upon the testimony of those witnesses that I have mentioned, I conclude as did the probation office, that the defendant obstructed justice under the circumstances, which would require in-

creasing his offense level to two levels for obstruction of justice.

█ The judge's failure to mention his discretion to depart downward does not imply a lack of understanding of that discretion. We do not assume that silence indicates ignorance:

We think that "the district courts have become more experienced in applying the Guidelines and more familiar with their power to make discretionary departure decisions under the Guidelines." *Barrera–Barron*, 996 F.2d at 246. Accordingly, unless the judge's language unambiguously states that he does not believe he has authority to downward depart, we will not review his decision.

*United States v. Rodriguez*, 30 F.3d 1318, 1319 (10th Cir.1994). This issue has also been considered by the Ninth Circuit in *United States v. Garcia–Garcia*, 927 F.2d 489 (9th Cir.1991). In that case, the Ninth Circuit held, as we now hold, that "[f]ailure to depart without comment on the authority to do so does not convert a discretionary departure into a sentence imposed in violation of law." *Id.* at 491; *see also United States v. Bailey*, 975 F.2d 1028, 1035 (4th Cir.1992) (holding that the appellate court will assume that a district judge knows she has discretion to depart downward, even when the district judge does not explicitly acknowledge her discretion).

█ In this case, nothing in the district court's statement at sentencing suggests unawareness of its discretion to depart downward. Moreover, the court sentenced Rowen immediately after hearing extensive oral argument on the downward departure motion. We conclude that the court was aware of its discretionary authority; therefore, we lack jurisdiction over Rowen's appeal of the denial of his motion.

█ Rowen also urges this court to remand his case for resentencing because the district court erred in enhancing his sentence for obstruction of justice. He argues that the court's findings of fact and conclusions of law regarding the enhancement were not supported by the record. We review the trial court's findings of fact for

clear error. *United States v. Yost,* 24 F.3d 99, 106 (10th Cir.1994), *opinion after remand,* 45 F.3d 440 (1994). The United States Sentencing Guidelines require the sentencing court to increase the offense level by two levels "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." USSG § 3C1.1. Such an enhancement is warranted for "committing, suborning, or attempting to suborn perjury." USSG § 3C1.1, comment. (n.3(b)). To enhance a defendant's sentence for perjury under § 3C1.1, the district court must specifically find that the defendant committed perjury. *Id.*

■ The record in this case amply supports the trial judge's conclusion that a sentence enhancement was warranted. Rowen testified under oath that he did not own the Bingham rifle. Yet he later admitted that before he was charged he had confessed to owning all the guns in the trailer. In addition, the testimony of Martinez and Izat supported the conclusion that Rowen had perjured himself at trial. At sentencing, the district court considered all of the testimony that was relevant to its determination that Rowen had not been truthful and specifically found that Rowen had committed perjury. Thus we hold that the district court did not err in increasing Rowen's sentence for obstruction of justice.

Because we are satisfied that the district court was aware of its authority to depart downward, and because the enhancement of Rowen's sentence was not clearly erroneous, the sentencing decision of the district court is AFFIRMED.