77 F.3d 493
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jorge NAVA-ALVAREZ, Defendant-Appellant.
 No. 94-1552.
 United States Court of Appeals, Tenth Circuit.
 Feb. 20, 1996.
 
 Before BRORBY, HOLLOWAY, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Jorge Nava-Alvarez entered a plea of guilty to one count of illegal reentry into the United States in violation of 8 U.S.C. 1326(a) and (b)(1). At sentencing, the district court denied defendant's motion for downward departure and sentenced him to fifty-seven months of imprisonment. Mr. Nava-Alvarez appeals arguing that the district court should have (1) granted his motion for downward departure and (2) requested additional information regarding plea bargain agreements other deported aliens have received upon conviction of illegal reentry.
 
 
 3
 We may only review the district court's refusal to depart downward when that refusal is based on the erroneous interpretation that the Sentencing Guidelines do not permit the court to depart. United States v. Rowen, --- F.3d ---, No. 93-2281, 1996 WL 15544, at * 2 (10th Cir. Jan. 17, 1996). If instead, the court acknowledges that the Guidelines authorize departure, but chooses not to, we have no jurisdiction to review its decision. Id.
 
 
 4
 At sentencing, the court acknowledged that it could depart downward when the circumstances so warranted, but declined to do so. We, therefore, have no jurisdiction to review this decision.
 
 
 5
 Mr. Nava-Alvarez also argues the court should have requested additional information regarding plea bargain agreements other deported aliens received upon conviction of illegal reentry. In support of his motion for a downward departure, Mr. Nava-Alvarez submitted evidence of six plea agreements entered into by defendants, not co-defendants of Mr. Nava-Alvarez, who also faced convictions of illegal reentry. The court found no inequality between the sentence to be imposed on Mr. Nava-Alvarez and the sentences imposed in other cases because of Mr. Nava-Alvarez' very serious criminal history.
 
 
 6
 Mr. Nava-Alvarez contends that the court should have obtained additional information concerning the sentences other defendants in his same situation received. We decline to impose a duty on the district court to determine whether any defendants with similar criminal histories, facing conviction on the same crime as the defendant currently before it, have received sentences disparate from that it intends to impose on the defendant before it. See United States v. Goldfaden, 959 F.2d 1324, 1332 (5th Cir.1992)("district court has no duty to consider the sentences imposed on other defendants")(quotation omitted).
 
 
 7
 In his reply brief, Mr. Nava-Alvarez argues for the first time that his constitutional right to equal protection was violated by the sentence he received. Generally, we will not address an issue raised for the first time in the reply brief. United States v. Janus Indus., 48 F.3d 1548, 1551 n. 1 (10th Cir.), cert. denied, 116 S.Ct. 87 (1995). We further note that Mr. Nava-Alvarez errs in arguing that the six cases he submitted to the district court were similar to his case. The criminal histories of the six defendants were not similar to Mr. Nava-Alvarez' criminal history. Thus, no equal protection violation could have occurred.
 
 
 8
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3