**UNITED STATES COURT OF APPEALS**
**Filed 12/23/96**
**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JESUS MANUEL GONZALEZ-
RODRIGUEZ,

      Defendant-Appellant.

Case No. 96-2042

(D.C. CR-95-498-JC)
(District of New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before BRORBY, EBEL, and HENRY, Circuit Judges.

Defendant Jesus Manuel Gonzalez-Rodriguez appeals from his sentence, claiming that the district court should have departed downward. We have jurisdiction under 18 U.S.C. § 3553(b), and we affirm.[1]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] After examining the briefs and appellate record, this panel has unanimously determined that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

In 1995, Mr. Gonzalez-Rodriguez, a citizen of Mexico, pleaded guilty to one count of reentry after deportation subsequent to the commission of an aggravated felony, in violation of 8 U.S.C. § 1326(b)(2). In his plea agreement, Mr. Gonzalez-Rodriguez stipulated to an offense level of seventeen. Following the issuance of a presentence investigation report, to which Mr. Gonzalez-Rodriguez objected, and a sentencing hearing, the district court imposed a sentence of sixty-three months' imprisonment based on an offense level of seventeen and a criminal history category of VI.

Mr. Gonzalez-Rodriguez argues that the court should have adjusted his criminal history category downward from VI to V. His rationale seems to be that he was willing, but unable under Mexican law, to serve his sentence in Mexico, and that the district court failed to consider this as evidence of his intent not to further violate United States immigration laws by returning to the United States in the future. As he put it in his brief:

> [S]ince [criminal history category] issues [are] concerned with recidivism then it [becomes] relevant for the Court to look at his desire to return to Mexico to serve his sentence as a predicate act to show an intent to no longer return to the United States in the future to violate immigration laws. Unfortunately, . . . Mexico will not accept him to serve his sentence there because the underlying crime (reentry after a prior deportation subsequent to the conviction of an aggravated felony) was a "migratory offense" which is "not contemplated and punished by mexican [sic] law." As a result, Gonzalez requested a [criminal history category] departure because his inability to repatriate himself to serve his sentence was a mitigating circumstance not taken into consideration by the Sentencing Commission.

Aplt's Br. at 5 (citations omitted).

2

Our precedents mercifully preclude us from addressing the merits of this argument. "[U]nless the [sentencing] judge's language unambiguously states that the judge does not believe he has authority to downward depart, we will not review his decision." United States v. Rodriguez, 30 F.3d 1318, 1319 (10th Cir. 1994). Mr. Gonzalez-Rodriguez formally raised the argument presented here in his objection to the presentence investigation report, and the court permitted his attorney to reiterate the argument at the sentencing hearing. The court then imposed the sentence. There is nothing in the record to lead us to conclude that the judge "erroneously believed the Guidelines did not permit a downward departure." United States v. Nelson, 54 F.3d 1540, 1544 (10th Cir. 1995). Further, "[t]he judge's failure to mention his discretion to depart downward does not imply a lack of understanding of that discretion. We do not assume that silence indicates ignorance. . . ." United States v. Rowen, 73 F.3d 1061, 1063 (10th Cir. 1996). As Mr. Gonzalez-Rodriguez concedes, Aplt's Reply Br. at 3, even assuming that the judge's silence as to why he declined to depart downward presents us with an ambiguity, "[i]f the record is ambiguous concerning the district court's awareness of its discretion to depart downward, we presume the court was aware of its authority." Nelson, 54 F.3d at 1544.

Because the decision not to depart in this case is therefore not reviewable by this court, the district court's order is AFFIRMED.

The mandate shall issue forthwith.

Entered for the Court,

3

Robert H. Henry
Circuit Judge