**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 13 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

LUIS SAUL PABA,

      Defendant-Appellant.

No. 00-1001
(D.C. No. 99-CR-268-B)
(Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **EBEL**, and **BRISCOE**, Circuit Judges.

---

Luis Saul Paba pled guilty to one count of bank robbery in violation of 18 U.S.C. § 2114, and one count of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The district court denied his motion

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

for a downward departure and imposed a thirty-three month sentence on the robbery count and a mandatory seven year consecutive sentence on the firearms count. Mr. Paba appeals. His appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and has moved for leave to withdraw as counsel. We grant leave to withdraw and dismiss the appeal.

*Anders* holds that if counsel finds a case to be wholly frivolous after conscientious examination, she may so advise the court and request permission to withdraw. Counsel must also submit to both the court and her client a brief referring to anything in the record arguably supportive of the appeal. The client may then raise any point he chooses, and the court thereafter undertakes a complete examination of all proceedings and decides whether the appeal is in fact frivolous. If it so finds, it may grant counsel's request to withdraw and dismiss the appeal. *See id.* at 744.

The stipulated facts submitted with the plea agreement to the district court in this case reveal that Mr. Paba and three codefendants planned the robbery of a credit union at which one of the codefendants had been employed. During the week before the robbery, credit union employees observed Mr. Paba and another codefendant sitting in a car outside the facility and observing the activities there. In accordance with their plan, Mr. Paba entered the facility with a loaded gun supplied to him by another codefendant. That codenfendant acted as a look-out

and the other two codefendants acted as getaway drivers. Once inside the credit union, Mr. Paba pointed the gun at two tellers, gave them a demand note and ordered them into the vault. When a third employee arrived she too was ordered into the vault. Mr. Paba then retrieved all of the money from the teller windows and left the facility. The four were apprehended shortly thereafter.

Mr. Paba moved the court at sentencing for a downward departure on the ground that his criminal conduct was aberrant behavior. The district court addressed the matter at length and denied the motion. Mr. Paba's counsel also suggested that departure was warranted to avoid a sentencing disparity between Mr. Paba and his codefendants, and because Mr. Paba would be unable to participate in various prison programs as a result of his convictions. The court did not specifically address these arguments in its ruling.

In her *Anders* brief, counsel raises the district court's failure to grant Mr. Paba's motion to depart. Pursuant to *Anders*, Mr. Paba was provided a copy of counsel's brief and notified of his right to file a brief pro se. Mr. Paba has responded by arguing that the district court should have applied the five-level firearm enhancement to his robbery sentence provided by U.S.S.G. § 2B3.1(b)(2)(C) rather than imposing a seven year mandatory sentence under section 924(c).

We turn first to the district court's denial of Mr. Paba's request for a downward departure on the ground of aberrant behavior, and conclude that we lack jurisdiction over this claim. "It is well settled that an appellate court lacks jurisdiction to review a sentencing court's refusal to depart from the Sentencing Guidelines when the sentencing court was aware that it had the authority to depart but declined to exercise that authority and grant the departure." *United States v. Fagin*, 162 F.3d 1280, 1282 (10th Cir. 1998). Here the district court expressly acknowledged its authority to depart but concluded that departure was not warranted under the circumstances. Accordingly, we are without jurisdiction.

Mr. Paba's counsel also argued to the sentencing court that departure was warranted based on the disparity between Mr. Paba's sentence and those of his codefendants, and because many prison programs would not be available to him as a result of his convictions. Although the court did not expressly address these grounds in denying departure, we nonetheless are without jurisdiction to address them. As stated above, the court expressly recognized its authority to depart in considering Mr. Paba's argument that his behavior was aberrant, and the other grounds for departure were raised in the same argument. We have held that a judge's failure to expressly mention his authority to depart does not support the inference that he did not understand his discretion to do so. *See United States v. Rowen*, 73 F.3d 1061, 1063 (10th Cir. 1996). That holding is particularly

applicable in the instant circumstances. Accordingly, we lack jurisdiction over these claims as well.

Mr. Paba argues pro se that the sentencing court should have enhanced his robbery conviction rather than imposing an additional sentence for his section 924(c) conviction. Construing his argument liberally, he appears to allege that the separate section 924(c) charge amounted to impermissible sentence manipulation. This argument is frivolous. Mr. Paba's admitted conduct fits squarely within the ambit of section 924(c)(1)(A)(ii) and the prosecutor was therefore well within his broad prosecutorial discretion in charging Mr. Paba with violating that provision. In view of Mr. Paba's guilty plea and conviction, the sentencing court was required to impose a mandatory seven year consecutive sentence rather than enhance his robbery conviction on the basis of his use of a firearm. *See* U.S.S.G. § 2K2.4, comment. (n.2).

After careful review of the entire proceedings, we conclude that the record establishes no ground for appeal. We **GRANT** counsel's request to withdraw and we **DISMISS** the appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

-5-