**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 26 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JESUS LUGUIN-RODRIGUEZ, aka
Benjamin Alamillo-Ceron,

      Defendant-Appellant.

No. 00-4043
(D.C. No. 99-CR-564-W)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE,** Circuit Judges.[**]

---

Defendant-Appellant Jesus Luguin-Rodriguez ("Luguin-Rodriguez")

appeals his sentence for illegal re-entry of a previously deported alien, in

violation of 8 U.S.C. § 1326. Luguin-Rodriguez pled guilty to this charge on

November 15, 1999, two weeks before the United States Attorney's Office

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\* After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

handling his case offered, for a period of a few weeks in December 1999, to recommend a downward departure of two offense levels for several defendants who agreed to plead guilty under 8 U.S.C. § 1326, waive the pre-sentence report and agree to immediate sentencing. The government did not make this offer to Luguin-Rodriguez, so Luguin-Rodriguez requested that the district court grant him the downward departure absent a motion by the government. The district court declined to grant the downward departure but sentenced Luguin-Rodriguez at the low end of the applicable guideline range.[1]

Luguin-Rodriguez now argues that the district court erred in not granting him the downward departure that was offered to other similarly situated defendants but that was not offered to Luguin-Rodriguez prior to his entering a guilty plea.

At his sentencing hearing, on February 18, 2000, Luguin-Rodriguez argued that he was entitled, as a matter of due process and equal protection, to the same downward departure that the prosecution had offered to similarly situated defendants. The district court rejected Luguin-Rodriguez's due process and equal protection arguments and denied Luguin-Rodriguez's request for a downward

---

[1] Based upon the pre-sentence report, Luguin-Rodriguez was subject to a Sentencing Guidelines range of 70 to 87 months. See Appellee's Brief at 3. The district court sentenced him to 70 months, the lowest available sentence within the applicable guideline range.

departure under § 5K2.0.[2] (See Sent. Hr'g Tr. at 4, lines 22-25.)  The court stated only that it had read Luguin-Rodriguez's motion papers and that "in [its] opinion the guidelines should be followed."  (See Sent. Hr'g Tr. at 4, lines 23-25.)  The court also referred to its discussion earlier that day in the sentencing hearing of another defendant, Luna-Sanchez, who had raised the same argument. (See Sent. Hr'g Tr. at 5, lines 5-13.)  The district court stated that the court's findings in that case should be incorporated in Luguin-Rodriguez's case for purposes of appeal.[3] (See Sent. Hr'g Tr. at 5, lines 5-13.)

It is well-settled in this circuit that the court of appeals lacks jurisdiction to review a sentencing court's discretionary refusal to depart from the Sentencing Guideline's sentencing range in a given case unless the refusal to depart was

---

[2]  Section 5K2.0 of the Sentencing Guidelines states:

> Under 18 U.S.C. §3553(b), the sentencing court may impose a sentence outside the range established by the applicable guidelines, if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines that should result in a sentence different from that described." . . . The decision as to whether and to what extent departure is warranted rests with the sentencing court on a case specific basis.

See U.S. Sentencing Guidelines Manual §5K2.0 (Policy Statement) (1999).

[3] The case of United States v. Luna-Sanchez, Case No. 1088-2:99-CR-561-W, was also appealed to this court.  See United States v. Luna-Sanchez, Case No. 00-4042.  Our decision in Luna-Sanchez is also issued today and reaches the same conclusion as the case at bar.

based upon an impermissible factor such as race or gender, or the district court incorrectly believed it did not have authority to depart under the Sentencing Guidelines. See United States v. Guidry, 199 F.3d 1150, 1161 (10th Cir. 1999); see also United States v. Castillo, 140 F.3d 874, 887 (10th Cir. 1998) ("[The court] of appeals cannot exercise jurisdiction to review a sentencing court's refusal to depart from the sentencing guidelines except in the very rare circumstance that the district court states that it does not have the authority to depart from the sentencing guidelines range for the entire class of circumstances proffered by the defendant."); United States v. Rowen, 73 F.3d 1061, 1063 (10th Cir. 1996) ("We have jurisdiction to review a district court's refusal to depart downward only when 'the district court refused to depart because it erroneously interpreted the Guidelines as depriving it of the power to depart based on the proffered circumstances . . . '") (quoting United States v. Barrera-Barron, 996 F.2d 244, 245 (10th Cir. 1993)). We will not find that the district court was unaware of its discretion to depart downward from the Guidelines unless the judge's language "unambiguously states that the judge does not believe he has authority to downward depart." United States v. Rodriguez, 30 F.3d 1318, 1319 (10th Cir. 1994); see also id. ("[W]e treat ambiguous statements made by district judges as though the judge was aware of his or her legal authority to depart but chose instead, in an exercise of discretion, not to depart."). When the court is

- 4 -

silent as to its discretionary authority, we assume that the district court knew that it possessed discretion to depart but declined to do so. See Rowen, 73 F.3d at 1063 ("We do not assume that silence indicates ignorance").

Here, a review of the record does not reveal any unambiguous statement by the district court that it lacked discretion to downward depart from the Sentencing Guidelines. The district court reviewed the submissions of both parties and determined that the Sentencing Guidelines should be followed. Under these circumstances, this court simply cannot conclude that the district court erroneously believed that it lacked discretionary authority to depart from the Guidelines in this case. Accord Rowen, 73 F.3d at 1063. We must, therefore, conclude that we lack jurisdiction to review the district court's decision. See Rodriguez, 30 F.3d at 1319 ("Absent such a misunderstanding on the sentencing judge's part, illegality or an incorrect application of the guidelines, we will not review the denial of a downward departure.") (citing United States v. Garcia, 919 F.2d 1478, 1481 (10th Cir. 1990)).

For the foregoing reasons, we DISMISS Luguin-Rodriguez's appeal of the district court's sentencing decision.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

- 5 -