**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 26 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

PEDRO ENRIQUE LUNA-
SANCHEZ,

      Defendant-Appellant.

No. 00-4042
(D.C. No. 99-CR-561-W)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE,** Circuit Judges.[**]

      Defendant-Appellant Pedro Enrique Luna-Sanchez ("Luna-Sanchez")

appeals his sentence for illegal re-entry of a previously deported alien, in

violation of 8 U.S.C. § 1326.  Luna-Sanchez pled guilty to this charge on

November 15, 1999, two weeks before the United States Attorney's Office

---

      * This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

      ** After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th
Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

handling his case offered, for a period of a few weeks in December 1999, to recommend a downward departure of two offense levels for several defendants who agreed to plead guilty under 8 U.S.C. § 1326, waive the pre-sentence report and agree to immediate sentencing. The government did not make this offer to Luna-Sanchez, so Luna-Sanchez requested that the district court grant him the downward departure absent a motion by the government. The district court declined to grant the downward departure but sentenced Luna-Sanchez at the low end of the applicable guideline range.[1]

Luna-Sanchez now argues that the district court erred in not granting him the downward departure that was offered to other similarly situated defendants but that was not offered to Luna-Sanchez prior to his entering a guilty plea.

At his sentencing hearing, on February 18, 2000, Luna-Sanchez argued that he was entitled, as a matter of due process and equal protection, to the same downward departure that the prosecution had offered to similarly situated defendants. The district court rejected Luna-Sanchez's due process and equal protection arguments and denied his request for a downward departure. In making its determination, the district court acknowledged that a motion by the

---

[1] Based upon the pre-sentence report, Luna-Sanchez was subject to a Sentencing Guidelines range of 57 to 71 months. See Appellee's Brief at 3. The district court sentenced him to 57 months, the lowest available sentence within the applicable guideline range.

government was not required for the court to grant a downward departure under §

5K2.0.[2] (See Sent. Hr'g Tr. at 9, lines 2-6.)  The court nevertheless stated that it

relies heavily upon government recommendations (see Sent. Hr'g Tr. at 15, lines

9-11), and that it has never granted a downward departure under § 5K2.0 absent a

motion from the government (see Sent. Hr'g Tr. at 14, lines 7-9).  The district

court also noted that the disparity between the sentence received by Luna-Sanchez

and the sentences received by other similarly situated defendants would not, in its

opinion, be a legal basis on which an appellate court could set aside Luna-

Sanchez's sentence.  (See Sent. Hr'g Tr. at 13, lines 2-13 (rejecting defense

---

[2]  Section 5K2.0 of the Sentencing Guidelines states:

> Under 18 U.S.C. § 3553(b), the sentencing court may impose a sentence outside the range established by the applicable guidelines, if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines that should result in a sentence different from that described." . . . The decision as to whether and to what extent departure is warranted rests with the sentencing court on a case specific basis.

See U.S. Sentencing Guidelines Manual § 5K2.0 (Policy Statement) (1999).

Although the government later implied that the district court did not have discretion to grant the departure under § 5K2.0 absent a motion from the government (see Sent. Hr'g Tr. at 14-15 (asking the district court to find that, *"should [it] have had discretion* [it] would decline to exercise [its] discretion to depart downward on this basis" (emphasis added)), the court did not expressly adopt that interpretation (see Sent. Hr'g Tr. at 15 (declining to make that finding because the court was "not sure what [it] would do on that . . .").

counsel's request for an evidentiary hearing on the extent to which the defendants were similarly situated.)) Finally, the court noted that the other cases in which the prosecution had requested a downward departure were "far more sympathetic cases than this," (see Sent. Hr'g Tr. at 10, line 10) and that he likely would not have granted the downward departure in those cases if the other defendants had criminal records as serious as Luna-Sanchez's (see Sent. Hr'g Tr. at 10, lines 12-22).

It is well-settled in this circuit that the court of appeals lacks jurisdiction to review a sentencing court's discretionary refusal to depart from the Sentencing Guideline's sentencing range in a given case unless the refusal to depart was based upon an impermissible factor such as race or gender, or the district court incorrectly believed it did not have authority to depart under the Sentencing Guidelines. See United States v. Guidry, 199 F.3d 1150, 1161 (10th Cir. 1999); see also United States v. Castillo, 140 F.3d 874, 887 (10th Cir. 1998) ("[The court] of appeals cannot exercise jurisdiction to review a sentencing court's refusal to depart from the sentencing guidelines except in the very rare circumstance that the district court states that it does not have the authority to depart from the sentencing guidelines range for the entire class of circumstances proffered by the defendant."); United States v. Rowen, 73 F.3d 1061, 1063 (10th Cir. 1996) ("We have jurisdiction to review a district court's refusal to depart

downward only when 'the district court refused to depart because it erroneously interpreted the Guidelines as depriving it of the power to depart based on the proffered circumstances . . . '") (quoting United States v. Barrera-Barron, 996 F.2d 244, 245 (10th Cir. 1993)). We will not find that the district court was unaware of its discretion to depart downward from the Guidelines unless the judge's language "unambiguously states that the judge does not believe he has authority to downward depart." United States v. Rodriguez, 30 F.3d 1318, 1319 (10th Cir. 1994); see also id. ("[W]e treat ambiguous statements made by district judges as though the judge was aware of his or her legal authority to depart but chose instead, in an exercise of discretion, not to depart."); Rowen, 73 F.3d at 1063 (stating that "[w]e do not assume that silence indicates ignorance").

Here, a review of the record does not reveal any unambiguous statement by the district court that it lacked discretion to downward depart from the Sentencing Guidelines. To the contrary, the court acknowledged that it could depart from the Guidelines under § 5K2.0 absent a motion from the government, but that Luna-Sanchez's criminal record militated strongly against a downward departure. Under these circumstances, this court simply cannot conclude that the district court erroneously believed that it lacked discretionary authority to depart from the Guidelines in this case. We must, therefore, conclude that we lack jurisdiction to review the district court's decision. See Rodriguez, 30 F.3d at 1319 ("Absent

such a misunderstanding on the sentencing judge's part, illegality or an incorrect application of the guidelines, we will not review the denial of a downward departure.") (citing United States v. Garcia, 919 F.2d 1478, 1481 (10th Cir. 1990)).

For the foregoing reasons, we DISMISS Luna-Sanchez's appeal of the district court's sentencing decision.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge