**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 14 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DAVID WARREN VEREN,

Defendant-Appellant.

No. 00-1523
(D.C. No. 00-CR-261-S)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **TACHA** , Chief Judge, **PORFILIO** , and **ANDERSON** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

David Warren Veren entered a guilty plea to aiding and abetting bank

fraud, in violation of 18 U.S.C. §§ 2, 1344; and unauthorized use of access

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

devices, in violation of 18 U.S.C. § 1029. In a docketing statement prepared by counsel, Veren challenged his sentence, asserting that the district court erred in refusing to depart from the Sentencing Guidelines on the ground that he had committed the offenses while suffering from significantly reduced mental capacity. *See* USSG § 5K2.13. This court issued a show cause order requiring the parties to brief the question of whether there was appellate jurisdiction to consider the appeal.

In response, counsel filed a motion for leave to withdraw and a brief, pursuant to Tenth Circuit Rule 46.4(B)(1) and *Anders v. California*, 386 U.S. 738 (1967), stating that the court lacked jurisdiction. Veren then sent a *pro se* letter to the court, claiming that he also wished to appeal the issue of whether his criminal history points were calculated incorrectly. This court reserved judgment on the jurisdictional issue raised in the show cause order.

Concerning the downward departure issue, "[w]e have jurisdiction to review a district court's refusal to depart downward only when 'the district court refused to depart because it erroneously interpreted the [Sentencing] Guidelines as depriving it of the power to depart based on the proffered circumstances.'" *United States v. Rowen*, 73 F.3d 1061, 1063 (10th Cir. 1996) (quoting *United States v. Barrera-Barron*, 996 F.2d 244, 245 (10th Cir. 1993)). In the instant case, the district court was fully aware of its discretion to depart based on Veren's

contention that he committed the offenses while suffering from a significantly reduced mental capacity. It is plain from the record that the court simply disbelieved Veren's claim of diminished capacity. Accordingly, this court has no jurisdiction to consider the district court's refusal to depart downwards from the Guidelines.

We next turn to Veren's claim of error in the computation of his criminal history points. Since an erroneous determination of the proper criminal history category involves an incorrect application of the Guidelines, this court has jurisdiction over the issue. *See* 18 U.S.C. § 3742(a)(1) & (2) (providing that a defendant may appeal a sentence which "was imposed in violation of the law," or "as a result of an incorrect application of the sentencing guidelines").

Veren did not object to the district court's calculation of his criminal history. Therefore we review this claim for plain error. *United States v. Tisdale*, 248 F.3d 964, 981 (10th Cir. 2001).

> To establish plain error [defendant] must show: (1) an error, (2) that is plain, which means clear or obvious under current law, and (3) that affects substantial rights. If these three elements are satisfied, then we may exercise discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.

*Id.* (quotation and brackets omitted).

Here, Veren provides only a summary statement that he "felt" that his criminal history or category "was incorrectly calculated, and did not reflect

-3-

[his] true history." Veren's Letter of Mar. 14, 2001. In the absence of a factual or legal basis for this claim, we cannot find any error whatsoever. Veren falls far short of the necessary showing for plain error.

We AFFIRM Veren's sentence. Counsel's motion to withdraw is GRANTED.

Entered for the Court


Stephen H. Anderson
Circuit Judge