**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

CARLOS ENRIQUEZ,
*Defendant-Appellant.*

No. 01-4013

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

ARTURO GONZALES,
*Defendant-Appellant.*

No. 01-4127

Appeals from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-00-85-F)

Submitted: April 29, 2002

Decided: June 4, 2002

Before WIDENER, NIEMEYER, and GREGORY, Circuit Judges.

No. 01-4013 affirmed in part and dismissed in part and No. 01-4127
dismissed by unpublished per curiam opinion.

**COUNSEL**

W.H. Paramore, III, Jacksonville, North Carolina; Carlton M. Mansfield, CHAVIS & RANSOM, Lumberton, North Carolina, for Appellants. John Stuart Bruce, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Jane J. Jackson, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Carlos Enriquez (No. 01-4013) and Arturo Gonzales (No. 01-4127) appeal their convictions and sentences for conspiring to possess with intent to distribute at least 100 kilograms of marijuana, in violation of 21 U.S.C. § 846 (1994).* Enriquez entered a guilty plea on August 21, 2000 without the benefit of a plea agreement, and Gonzales entered a guilty plea on the same day pursuant to a written plea agreement in which he waived his right to appeal his sentence on any ground except an upward departure from the sentencing guidelines by the district court. The district court imposed 135-month and 86-month sentences on Enriquez and Gonzales, respectively, and they each appealed.

Each defendant's appeal raises only sentencing issues. In No. 01-4013, Enriquez renews a written objection to his pre-sentence report that he failed to raise at his sentencing hearing: that his offense level should not have been enhanced by two levels for his leadership role in the conspiracy pursuant to *United States Sentencing Guidelines*

---

*Enriquez also pled guilty to the second count of the indictment, charging him with possession of the marijuana in question with intent to distribute in violation of 21 U.S.C.A. § 841 (West 1999 & Supp. 2001).

*Manual* § 3B1.1(c) (2000). Enriquez also challenges the district court's determinations as to the acceptance of responsibility offense level adjustment and its decision not to depart downward. In No. 01-4127, Gonzales (despite his waiver of his right to appeal), challenges only the extent of the district court's downward departure.

Enriquez's initial objection, challenging application of an offense level enhancement for his supervisory role pursuant to § 3B1.1(c), fails to demonstrate plain error. While Enriquez claims the acquittal of Bernardo Valdes, a co-conspirator named in the same indictment returned against Enriquez, indicates Valdes cannot be "criminally responsible," and thus "supervised" by Enriquez within the meaning of § 3B1.1, we find neither Valdes' acquittal nor Enriquez's related arguments on this issue demonstrate plain error. *See United States v. Wells*, 163 F.3d 889, 900 (4th Cir. 1998); *United States v. Haun*, 90 F.3d 1096, 1103 (6th Cir. 1996).

Enriquez's second objection, that the district court improperly denied a downward adjustment to his offense level for acceptance of responsibility under USSG § 3E1.1, is also meritless. The district court imposed an obstruction of justice enhancement to Enriquez's offense level under USSG § 3C1.1, because Enriquez attempted to influence his co-conspirators' cooperation with the Government, and because Enriquez perjured himself at Valdes' trial. While Enriquez acknowledges that downward adjustments under § 3E1.1 are ordinarily incompatible with enhancements under § 3C1.1, Enriquez contends the district court was required to make findings in accordance with *United States v. Dunnigan*, 507 U.S. 87, 92-98 (1993), in order to deny the § 3E1.1 adjustment based on his perjured testimony. That claim overlooks an independent basis for applying a § 3C1.1 enhancement: that Enriquez attempted to tamper with his co-conspirators' statements to the Government. Because there is an independent basis for sustaining Enriquez's § 3C1.1 enhancement, and Enriquez's behavior after pleading guilty indicates the district court did not err in concluding Enriquez did not completely accept responsibility, we find no error in the denial of a downward adjustment under § 3E1.1.

Enriquez's third assignment of error is dismissed. The district court's statements in denying Enriquez's request for a downward departure based on his health and alienage do not indicate a misappre-

hension of its authority to depart. *See United States v. Rowen*, 73 F.3d 1061, 1063 (10th Cir. 1996). As a result, that claim is unreviewable. *See United States v. Aramony*, 166 F.3d 655, 664-65 (4th Cir. 1999).

Finally, Gonzales' sole claim on appeal, challenging the extent of the district court's downward departure, is also unreviewable. Gonzales executed a knowing and voluntary waiver of his right to appeal this issue, *see United States v. Wessells*, 936 F.2d 165, 167-68 (4th Cir. 1991), and Gonzales offers no independent basis to question the legality of his sentence, *see United States v. Brown*, 232 F.3d 399, 403 (4th Cir. 2000); *United States v. Attar*, 38 F.3d 727, 732-33 (4th Cir. 1994); *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992).

Accordingly, we affirm in part and dismiss in part as to Enriquez's appeal of his sentence in No. 01-4013, and dismiss Gonzales' appeal in No. 01-4127 based on his waiver of appellate rights in his plea agreement. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 01-4013 -   *AFFIRMED IN PART,*
                *DISMISSED IN PART*

No. 01-4127 - *DISMISSED*