**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

FELIX MIRANDA-SANCHEZ, a/k/a
Ramiro Leal,

*Defendant-Appellant.*

No. 01-4937

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
W. Earl Britt, Senior District Judge.
(CR-01-90-BR)

Submitted: June 28, 2002

Decided: July 22, 2002

Before WILLIAMS and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Geoffrey W. Hosford, HOSFORD & HOSFORD, P.L.L.C., Wilming-
ton, North Carolina, for Appellant. Frank D. Whitney, United States
Attorney, Anne M. Hayes, Assistant United States Attorney, J. Frank
Bradsher, Assistant United States Attorney, Raleigh, North Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Felix Miranda-Sanchez appeals from the 97-month sentence imposed upon his guilty plea to distributing at least 50 grams of crack cocaine, 21 U.S.C.A. § 841(a)(1) (West 2000). Miranda-Sanchez first claims that the district court abused its discretion in denying his motion for downward departure based on aberrant behavior, *U.S. Sentencing Guidelines Manual* ("USSG") § 5K2.20 (2000). This court does not have jurisdiction to review the district court's decision not to depart downward unless the district court mistakenly believed that it lacked authority to depart downward. *United States v. Bayerle*, 898 F.2d 28, 31 (4th Cir. 1990). When the district court is silent as to its reason for not departing, this court will not infer that the district court believed that it lacked authority to depart. *United States v. Bailey*, 975 F.2d 1028, 1035 (4th Cir. 1992); *see also United States v. Rowen*, 73 F.3d 1061, 1063 (10th Cir. 1996) (appeals court will not assume district court's silence implies that it did not understand its authority to depart when nothing in record suggests lack of understanding). Here, after hearing argument on Miranda-Sanchez's motion, the district court denied the motion without further explanation. Because the record does not affirmatively indicate any misapprehension by the court regarding its authority to depart, we will not so infer. Accordingly, the district court's denial of Miranda-Sanchez's motion for downward departure is not reviewable.

Miranda-Sanchez also argues that the district court erred in denying him an adjustment for minor or minimal role in the offense. The sentencing court's determination of a defendant's role in the offense is reviewed for clear error. *United States v. Love*, 134 F.3d 595, 606 (4th Cir. 1998). A defendant has a minimal role in a concerted criminal activity if he is among the least culpable of those involved in the conduct of the group. USSG § 3B1.2, cmt. n.1. A minimal role is indicated by a "defendant's lack of knowledge or understanding of the

scope and structure of the enterprise and of the activities of others
. . . ." *Id.* Application Note 3 to § 3B1.2 defines a minor participant as any participant who is less culpable than most other participants, but whose role cannot be described as minimal. The defendant has the burden of showing by a preponderance of the evidence that he is entitled to a mitigating role adjustment. *United States v. Akinkoye*, 185 F.3d 192, 202 (4th Cir. 1999).

Miranda-Sanchez argues that he was no more than a courier in a single transaction involving a small amount of drugs, relying on Application Note 2 (noting that the adjustment "would be appropriate, for example, for someone who played no other role in a very large drug operation than to offload a single marijuana shipment, or in a case where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs"). USSG § 3B1.2, cmt. n. 2. We find that Miranda-Sanchez delivered more than a small amount of drugs (165.5 grams of crack cocaine and 8.1 grams of cocaine powder). In any event, the district court properly noted that whether Miranda-Sanchez was entitled to such an adjustment depended on whether his conduct was material or essential to the commission of the crime. *United States v. Palinkas*, 938 F.2d 456, 460 (4th Cir. 1991). Given Miranda-Sanchez's level of participation in the transaction, we find that the district court did not clearly err in finding that he was not entitled to an adjustment for minor or minimal role in the offense.

Accordingly, we affirm Miranda-Sanchez's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*